# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------X

MADELAINE GONZALEZ and WILLIAM GONZALEZ,

                                  Plaintiffs,                    **SUMMONS**

                  -against-

                                                                The basis of venue is defendant,
HOME DEPOT U.S.A., INC., and                                    HD Development of Maryland,
HD DEVELOPMENT OF MARYLAND, INC.,                              Inc.'s designated county for its
                                                                principal place of business.

                                  Defendants.

--------------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANTS:

        YOU ARE HEREBY SUMMONED and required to serve upon plaintiffs' attorney an
answer to the complaint in this action within twenty days after the service of this summons,
exclusive of the day of service, or within thirty days after service is complete if this summons is not
personally delivered to you within the State of New York.  In case of your failure to answer,
judgment will be taken against you by default for the relief demanded in the annexed complaint.

Dated:          New York, New York
                June 3, 2021

                                        THE LAW OFFICES OF
                                        CHRISTOPHER P. DI GIULIO, P.C.

                                        By:_____
                                                William Thymius
                                        Attorneys for Plaintiff
                                        180 West 80th Street, Suite 206
                                        New York, NY 10024
                                        Tel. (212) 514-7800

Address of Defendants:

Home Depot U.S.A., Inc.
HD Development of Maryland, Inc.
c/o NY Secretary of State
One Commerce Plaza, 99 Washington Ave.
Albany, NY 12231-0001

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

MADELAINE GONZALEZ and WILLIAM GONZALEZ,

                      Plaintiffs,

           -against-

HOME DEPOT U.S.A., INC., and
HD DEVELOPMENT OF MARYLAND, INC.,

                    Defendants.

-------------------------------------------------------------------X

                                VERIFIED COMPLAINT

Plaintiffs, MADELAINE GONZALEZ and WILLIAM GONZALEZ, by their attorneys, The Law Offices of Christopher P. Di Giulio, P.C., complaining of the defendants, hereby alleges as follows:

## AS TO ALL CAUSES OF ACTION

1.      That at all times hereinafter mentioned, plaintiffs, Madelaine Gonzalez and William Gonzalez, were and still are residents of the County of Suffolk, State of New York.

2.      That at all times hereinafter mentioned, plaintiffs, Madelaine Gonzalez and William Gonzalez, were and are husband and wife.

3.      That at all times hereinafter mentioned, upon information and belief, defendant, Home Depot U.S.A., Inc., was and still is a foreign corporation authorized to conduct business, and conducting business, in the State of New York.

1

4.     That at all times hereinafter mentioned, upon information and belief, defendant, HD Development of Maryland, Inc., was and still is a foreign corporation authorized to conduct business, and conducting business, in the State of New York.

5.     That at all times hereinafter mentioned, upon information and belief, defendant, HD Development of Maryland, Inc., was and still is a foreign corporation authorized to conduct business, and conducting business, in the State of New York, with its designated principal place of business located in the County of New York.

## AS AND FOR A FIRST CAUSE OF ACTION

6.     Upon information and belief, at all times hereinafter mentioned, defendant, Home Depot U.S.A., Inc., was the owner of premises known by the street address of 346 Middle Country Road, Coram, County of Suffolk, State of New York.

7.     Upon information and belief, at all times hereinafter mentioned, defendant, HD Development of Maryland, Inc., was the owner of premises known by the street address of 346 Middle Country Road, Coram, County of Suffolk, State of New York.

8.     Upon information and belief, at all times hereinafter mentioned, defendant, Home Depot U.S.A., Inc., was the lessee of premises known by the street address of 346 Middle Country Road, Coram, County of Suffolk, State of New York.

9.     Upon information and belief, at all times hereinafter mentioned, defendant, HD Development of Maryland, Inc., was the lessee of premises known by the street address of 346

2

Middle Country Road, Coram, County of Suffolk, State of New York.

10.    Upon information and belief, at all times hereinafter mentioned, defendant, Home Depot U.S.A., Inc., operated a Home Depot store within the premises known by the street address of 346 Middle Country Road, Coram, County of Suffolk, State of New York.

11.    Upon information and belief, at all times hereinafter mentioned, defendant, HD Development of Maryland, Inc., operated a Home Depot store within the premises known by the street address of 346 Middle Country Road, Coram, County of Suffolk, State of New York

12.    Upon information and belief, at all times hereinafter mentioned, defendant, Home Depot U.S.A., Inc., managed a Home Depot store within the premises known by the street address of 346 Middle Country Road, Coram, County of Suffolk, State of New York.

13.    Upon information and belief, at all times hereinafter mentioned, defendant, HD Development of Maryland, Inc., managed a Home Depot store within the premises known by the street address of 346 Middle Country Road, Coram, County of Suffolk, State of New York.

14.    Upon information and belief, at all times hereinafter mentioned, defendant, Home Depot U.S.A., Inc., maintained a Home Depot store within the premises known by the street address of 346 Middle Country Road, Coram, County of Suffolk, State of New York.

15.    Upon information and belief, at all times hereinafter mentioned, defendant, HD Development of Maryland, Inc., maintained a Home Depot store within the premises known by the street address of 346 Middle Country Road, Coram, County of Suffolk, State of New York.

3

16.     Upon information and belief, at all times hereinafter mentioned, defendant, Home Depot U.S.A., Inc., controlled a Home Depot store within the premises known by the street address of 346 Middle Country Road, Coram, County of Suffolk, State of New York.

17.     Upon information and belief, at all times hereinafter mentioned, defendant, HD Development of Maryland, Inc., controlled a Home Depot store within the premises known by the street address of 346 Middle Country Road, Coram, County of Suffolk, State of New York.

18.     That on and prior to September 15, 2020, the defendant, Home Depot U.S.A., Inc., its agents, servants, and/or employees, disregarding its duty, negligently created or permitted an unsafe condition to exist and wholly failed to maintain in a safe manner a certain area of the interior of the aforesaid Home Depot store within the premises known by the street address of 346 Middle Country Road, Coram, County of Suffolk, State of New York.

19.     That on and prior to September 15, 2020, the defendant, HD Development of Maryland, Inc., its agents, servants, and/or employees, disregarding its duty, negligently created or permitted an unsafe condition to exist and wholly failed to maintain in a safe manner a certain area of the interior of the aforesaid Home Depot store within the premises known by the street address of 346 Middle Country Road, Coram, County of Suffolk, State of New York.

20.     Upon information and belief, at all times hereinafter mentioned, defendant Home Depot U.S.A., Inc. had both actual and constructive notice of a defective condition located in a certain area of the interior of the aforesaid Home Depot store within the premises known by the street address of 346 Middle Country Road, Coram, County of Suffolk, State of New York, prior to the occurrence complained of herein.

4

21.     Upon information and belief, at all times hereinafter mentioned, defendant HD Development of Maryland, Inc. had both actual and constructive notice of a defective condition located in a certain area of the interior of the aforesaid Home Depot store within the premises known by the street address of 346 Middle Country Road, Coram, County of Suffolk, State of New York, prior to the occurrence complained of herein.

22.     That on September 15, 2020 at approximately 5:00 p.m., while plaintiff, Madelaine Gonzalez, was lawfully within the aforesaid Home Depot store located within the premises known by the street address of 346 Middle Country Road, Coram, County of Suffolk, State of New York, plaintiff, Madelaine Gonzalez, was caused to trip/slip and fall to the floor due to the presence and existence of the aforesaid defective condition.

23.     That said occurrence took place solely and wholly as the result of the negligence of the defendant, Home Depot U.S.A., Inc., its agents, servants, and/or employees, and due to no fault or lack of care on the part of plaintiff, Madelaine Gonzalez.

24.     That said occurrence took place solely and wholly as the result of the negligence of the defendant, HD Development of Maryland, Inc., its agents, servants, and/or employees, and due to no fault or lack of care on the part of plaintiff, Madelaine Gonzalez.

25.     That as a result of the occurrence, plaintiff, Madelaine Gonzalez, suffered and continues to suffer severe and serious injuries; suffered great bodily injuries; suffered great mental anguish; suffered an exacerbation and aggravation of pre-existing conditions; became sick, sore, and disabled; was confined to hospital, bed and home for extended periods of time; expended and incurred large sums of money for medical services rendered and other expenses in order to cure plaintiff, Madelaine Gonzalez, and Madelaine Gonzalez was unable to attend to usual duties and

5

Case 1:22-cv-04577-ALC Document 1-1 Filed 06/02/22 Page 8 of 10

activities.

26. That as a result of all of the foregoing, the plaintiff, Madelaine Gonzalez, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION

27. Plaintiffs repeat and reiterate each and every allegation contained in the paragraphs "1" through "26" of the complaint as if fully set forth at length herein.

28. At all times pertinent to this Complaint, the plaintiff, William Gonzalez, was and is the lawfully wedded spouse of the plaintiff, Madelaine Gonzalez.

29. By reason of the negligence of the defendants and the injuries suffered by the plaintiff, Madelaine Gonzalez, as aforementioned, the plaintiff, William Gonzalez, has suffered and will continue to suffer the loss and impairment of his spouse's services, society and consortium.

30. By reason of the foregoing, the plaintiff, William Gonzalez, has been damaged of in a sum which exceeds the jurisdictional limits of all lower courts

WHEREFORE, plaintiffs demand judgment against the defendants on each cause of action in amounts which exceed the jurisdictional limits of all lower courts, as well as the costs and

6

disbursements of this action.

Dated: New York, New York
June 3, 2021

THE LAW OFFICES OF
CHRISTOPHER P. DI GIULIO, P.C.

By: _____
William Thymius

Attorneys for Plaintiffs
180 West 80th Street, Suite 206
New York, NY 10024
Tel. (212) 514-7800
File: 88/GonzalezMW

To:

Home Depot U.S.A., Inc.

HD Development of Maryland, Inc.

7

ATTORNEY'S VERIFICATION

William Thymius, an attorney duly admitted to practice in the State of New York and an associate of the firm of The Law Offices of Christopher P. Di Giulio, attorneys for plaintiffs, Madelaine Gonzalez and William Gonzalez, hereby affirms, upon the penalties for perjury: that he has read the foregoing complaint and knows the contents thereof and that the same is true, except as to matters alleged therein to be upon information and belief and as to those matters, he believes it to be true.  That the basis for his belief is the documentary contents of his attorney's file.

This verification is made by counsel, rather than by plaintiffs, because said plaintiffs do not reside in the county in which counsel maintains his law office.

Dated: New York, New York
June 3, 2021

_____
William Thymius

8